NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO AMARAL,

    Plaintiff-Appellant,

 v.

CITY OF SAN DIEGO; JEFFREY
WILLIAMS, previously sued as FNU
Williams, an individual,

    Defendants-Appellees.

No. 21-55420

D.C. No. 3:17-cv-02409-L-LL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted April 14, 2022
Pasadena, California

Before: PAEZ, SMITH,** and BADE, Circuit Judges.
Dissent by Judge PAEZ

 Plaintiff Marco Amaral appeals from the district court's grant of summary

judgment in favor of the City of San Diego and Officer Jeffrey Williams

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable D. Brooks Smith, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

(Defendants) in this 42 U.S.C. § 1983 action based on Officer Williams' use of a maneuver to take Amaral to the ground during a protest in downtown San Diego, California. Specifically, Amaral challenges the grant of summary judgment on his Fourth Amendment excessive force and unlawful arrest claims.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly concluded that Williams was entitled to qualified immunity and granted Defendants' motion for summary judgment on Amaral's Fourth Amendment excessive force claim. To determine whether a law enforcement officer is entitled to qualified immunity, we consider "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks and citations omitted). We have discretion to decide either prong first, and we resolve this matter on the second prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Under the second prong, Defendants are entitled to summary judgment because Williams's conduct did not violate clearly established Fourth Amendment

---

[1] The First Amended Complaint alleged several other claims that Amaral does not raise on appeal. Thus, we do not review those claims. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (noting that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief," barring three applicable exceptions (citation omitted)).

law existing "at the time of the conduct." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks and citation omitted). When viewing the facts most favorably to Amaral, at the time of the conduct in question, November 9, 2016, it was not clearly established that the amount of force Williams used under the circumstances would constitute excessive force. The district court correctly granted Williams qualified immunity because "existing precedent" did not "place the lawfulness of the particular [action] beyond debate." *City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019) (alteration in original) (citation omitted).

2.     The district court also properly granted Defendants' motion for summary judgment on Amaral's unlawful arrest claim. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of other officers at the scene), a prudent person would believe the suspect had committed a crime." *Id*. at 966.

The district court properly concluded that Williams had probable cause to arrest Amaral for failure to comply with a dispersal order in violation of California Penal Code § 409. *See* Cal. Penal Code § 409 ("Every person remaining present at the place of any riot, rout, or unlawful assembly, after the same has been lawfully

warned to disperse . . . is guilty of a misdemeanor."). Around 8:20 p.m., an unlawful assembly announcement and order to disperse was issued. Around 8:38 p.m., Williams saw Amaral in the vicinity of a "disturbance" where other police officers were making arrests. From these facts, a "prudent person would believe [that Amaral] had committed a crime." *Dubner*, 266 F.3d at 966. The district court did not err in granting summary judgment in favor of Defendants on Amaral's unlawful arrest claim, as no reasonable jury could conclude that Williams lacked probable cause to arrest Amaral for violating California Penal Code § 409. *See Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994).

**AFFIRMED.**

*Marco Amaral v. City of San Diego*, No. 21-55420

**Paez**, J., Circuit Judge, dissenting:

I respectfully dissent. I would reverse the grant of summary judgment to Defendants because, in my view, there is a genuine issue of material fact on the question of reasonableness, namely whether Marco Amaral ("Amaral") formed a fist with his right hand while standing behind Officer Eric Armstrong ("Armstrong"). That inquiry should be decided by the trier of fact, either by a special verdict or a general verdict with special interrogatories. Fed. R. Civ. P. 49; *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003); *see also Morales v. Fry*, 873 F.3d 817, 823–24 (9th Cir. 2017). Therefore, I would not decide the issue of qualified immunity at this time.

If the evidence, viewed in the light most favorable to the non-movant, could support a finding of excessive force, then Defendants should not be granted summary judgment. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005); *see also Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (acknowledging that an excessive force inquiry "nearly always requires a jury to sift through disputed factual contentions," and thus summary judgment "should be granted sparingly"). Here, the parties dispute a key issue: whether Amaral formed a fist with his right hand such that Officer Jeffrey Williams's ("Williams") use of force was reasonable. Fed. R. Civ. P. 56(a); *Glenn v. Washington County*, 673 F.3d 864, 870

1

(9th Cir. 2011) (citation omitted). Because the body-camera footage did not "quite clearly contradict[]" Amaral's account, we must credit his version of events, which creates a dispute best left for a jury to resolve. *Scott v. County of San Bernardino*, 903 F.3d 943, 952 (9th Cir. 2018) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

Defendants argue that given the exigent circumstances of the incident, Williams's takedown was reasonable. Not so. We have held in cases involving non-deadly force in exigent circumstances that the question of whether an officer's use of force was reasonable was a jury question. *See, e.g.*, *Glenn*, 673 F.3d at 871–78 (holding that genuine issues of material fact regarding whether an officer's use of a non-lethal beanbag projectile during the arrest of a mentally ill man was reasonable precluded summary judgment); *Blankenhorn v. City of Orange*, 485 F.3d 463, 477–79 (9th Cir. 2007) (holding that genuine issues of material fact regarding whether the officers' gang-tackle of a man suspected of a trespass during a potentially violent arrest was reasonable precluded summary judgment). While Williams may have perceived Amaral as a threat to officer safety, given the disputed facts surrounding Williams's use of non-deadly force in a potentially exigent circumstances, Williams's fear alone is insufficient. *See Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("[A] simple statement by an officer that he fears for his safety or the safety of others is not enough; there must

be objective factors to justify such a concern.").

Because I would find that a genuine question of material fact precludes summary judgment on the question of reasonableness, I respectfully dissent.